# IN THE COURT OF APPEALS OF IOWA

No. 16-0260
Filed December 21, 2016

**STATE OF IOWA,**
        Plaintiff-Appellee,

**vs.**

**KEVIN J. DOWNS Sr.,**
        Defendant-Appellant.

_____

Appeal from the Iowa District Court for Black Hawk County, Todd A. Geer (guilty plea), David P. Odekirk (probation revocation), and George Stigler (sentencing), Judges.

Kevin Downs contends trial counsel was ineffective in failing to seek a dismissal of charges in one of three consolidated cases on speedy-trial grounds. **AFFIRMED.**

Mark C. Smith, State Appellate Defender, and Stephan J. Japuntich, Assistant Appellate Defender, for appellant.

Thomas J. Miller, Attorney General, and Genevieve Reinkoester, Assistant Attorney General, for appellee.

Considered by Danilson, C.J., and Doyle and McDonald, JJ.

**DANILSON, Chief Judge.**

Kevin Downs contends trial counsel was ineffective in failing to seek a dismissal of charges on speedy-trial grounds in one of three consolidated appeals.[1]

The case before us involves charges stemming from offenses committed in June and December 2011 by Downs. The charges were consolidated in Black Hawk County case FECR180695. On January 11, 2012, Downs entered a written arraignment and plea of not guilty to possession of controlled substance with intent to deliver and/or conspiracy to possess a controlled substance with intent to deliver (marijuana) while in possession of a firearm (Count IV), delivery of a controlled substance (alprazolam) while in possession of a firearm (Count VII), and possession of controlled substance (marijuana) (Count VIII).[2]

On September 24, 2012, after having requested and obtained several continuances, Downs asked for an additional continuance "because plea negotiations & Defendant's schedule conflicts." The court scheduled trial for November 6, 2012. At the unreported pre-trial conference held on November 5, the court entered an order noting Downs was "not in custody" and was requesting "that change of plea hearing be set." In that same order, the court set the change-of-plea hearing for January 14, 2013.

Downs entered his guilty pleas on January 14, 2013.

On March 25, 2013, the district court entered an order of deferred judgment and probation.

---

[1] This appeal raises issues in only one of three consolidated appeals.
[2] The other counts of the indictment were applicable to co-defendants and are not relevant here.

On March 23, 2015, a report of probation violation was filed, and on February 5, 2016, Downs' deferred judgments were revoked, and he was sentenced to serve concurrent terms of incarceration on all three counts.

On appeal, Downs contends trial counsel was ineffective in failing to seek a dismissal of charges for a violation of his one-year speedy-trial right. In order to prevail on his ineffectiveness claim, Downs must prove counsel failed in an essential duty and prejudice resulted. *See State v. Straw*, 709 N.W.2d 128, 133 (Iowa 2006).

Downs' arraignment was on January 11, 2012, and he entered his guilty pleas on Monday, January 14, 2013. Iowa Rule of Criminal Procedure 2.33(2)(c) provides: "All criminal cases must be brought to trial within one year after the defendant's initial arraignment pursuant to rule 2.8 unless an extension is granted by the court, upon a showing of good cause." Downs' ineffectiveness claim requires an analysis of whether there was good cause for scheduling the plea-taking hearing beyond the one year period. The November 5, 2012 hearing at which the court considered Downs' request to set a change-of-plea hearing was not reported. We do not know why the date was selected, whether the change was at the defendant's request or due to the court's schedule. And we do not know if Downs waived his one-year speedy-trial right. Under the bare record presented to us, we are unable to evaluate his claim. We therefore affirm the convictions and preserve his ineffectiveness claim for possible postconviction proceedings. *See id.*

**AFFIRMED.**